IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02884-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 0 2011

GREGORY C. LANGHAM
CLERK

MARK J. DENNY,

    Applicant,

v.

B. DAVIS, Warden,

    Respondent.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Mark J. Denny, is in the custody of the United States Bureau of Prisons and currently is incarcerated at Federal Correctional Institution in Littleton, Colorado. Mr. Denny, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Denny is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Denny will be ordered to file an Amended Application.

The Court has reviewed the Application and finds that it is deficient. Mr. Denny fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S.

257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Mr. Denny's Application is prolix and confusing. It is not clear from a review of Section "B. Nature of the Case" and Section "C. Claims" of the Application form what Mr. Denny is challenging. Mr. Denny has failed to assert any claims on the section of the Court-approved form provided for stating a claim. Furthermore, it is not clear from a review of the sixteen, hand-written pages whether Mr. Denny is challenging the conditions of his confinement or the execution of his sentence. Although Mr. Denny has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended Application. Accordingly, it is

ORDERED that, **within thirty days from the date of this Order**, Mr. Denny file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Denny, together with a copy of this Order, two copies of the Court-approved form for filing an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Denny fails within the time allowed to file an Amended Application, as directed, the action will be dismissed without further notice.

DATED January 20, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02884-BNB

Mark J. Denny
Reg No. 07757-046
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241** to the above-named individuals on January 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk